E-FILED
Thursday, 04 June, 2020  02:51:53 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| HYE-YOUNG PARK, a/k/a LISA PARK, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case Nos. 20-CV-2148; |
| | ) | 20-CV-2149; |
| THE BOARD OF TRUSTEES OF THE | ) | 20-CV-2150; |
| UNIVERSITY OF ILLINOIS, KAAMILYAH | ) | 15-CV-2136 |
| ABDULLAH-SPAN, MENAH PRATT-| ) | |
| CLARK, MICHAL T. HUDSON, HEIDI | ) | |
| JOHNSON, ROBERT E. STAKE, and | ) | |
| COLIN S. BRUCE | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

Plaintiff, Hye-Young "Lisa" Park, has filed three individual pro se Complaints against Defendants University of Illinois Board of Trustees, Kaamilyah Abdullah-Span, Menah Pratt-Clark, Michal T. Hudson, Heidi Johnson, and Robert E. Stake (in cases Nos. 20-2148 and 20-2149) and this court (in case No. 20-2150).  All the cases arise from and are directly related to her earlier civil cases in this court, 15-CV-2136 and 19-CV-2107.  The court will give a brief history of those older cases, and then relate the allegations in the new cases.  For purposes of this Order, all of Plaintiff's new cases (20-2148, 20-2149, 20-2150) and her old case in which a motion is still pending, 15-CV-2136, are consolidated.

*Prior Litigation (15-CV-2136, 18-2090, and 19-2107)*

In Case No. 15-2136, Plaintiff, a former graduate student at the University of Illinois, filed a wide-ranging federal lawsuit after she was sexually harassed by a professor, Robert Stake, and a visiting researcher, Charles Secolsky.  Plaintiff

complained about Secolsky's misconduct to the University's Office of Diversity, Equity, and Access ("ODEA"), where she met with Michal Hudson, the office's senior specialist for matters involving Title IX and the Americans with Disabilities Act. Hudson investigated her claim and met with both Stake and Secolsky.  Hudson then told Plaintiff that her office could not help her because it did not appear that she or Secolsky was employed or affiliated with the University.  Unless she could demonstrate otherwise, Hudson concluded, the University did not have authority to handle her complaints. Park disputed that conclusion, arguing that her Optional Practical Training position sufficed as affiliation.  She requested a meeting with ODEA's director, Heidi Johnson, to provide additional information.  But ODEA concluded that because Secolsky had no existing affiliation with the University, it lacked the authority to regulate his conduct.

Plaintiff then brought this complaint in federal court.  She sued Secolsky (for battery, assault, false imprisonment, and other torts); Stake (for assault, battery, a hate crime, and other torts); Hudson and Johnson (for retaliation in violation of 42 U.S.C. § 1981 and equal protection violations under 42 U.S.C. § 1983); and the Board of Trustees (for discrimination and retaliation under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, retaliation under 42 U.S.C. § 1981, and denial of equal protection under 42 U.S.C. § 1983).

Some of her claims were dismissed on Defendants' motion to dismiss.  A number of claims were decided at summary judgment. Regarding her equal protection claims against Stake, Hudson, and Johnson, the court found that Park failed to demonstrate that Defendants denied her equal protection of the law because there was no evidence

2

that they knew about Secolsky's sexual misconduct and facilitated or turned a blind eye to it.  Regarding her retaliation claims against the Board, the court found no causal connection between Park's complaint to ODEA and the termination of her Optional Practical Training status.

The court entered judgment in favor of Plaintiff on her battery claims (leaving to the jury the determination whether to award her damages, if any) and allowed her to proceed to trial on several other claims against Secolsky and Stake.

Plaintiff proceeded to trial on her remaining claims and was awarded $500,000 in damages for her claims against Secolsky.  She received no money damages, however, for a battery claim decided in her favor against Stake.

Plaintiff filed numerous post-trial motions contesting the verdict and the court's decisions, including motions to substitute judge (including requesting a multi-judge panel), which the court denied.  Plaintiff appealed the jury's verdict and the court's decisions to the Seventh Circuit Court of Appeals. The Seventh Circuit rejected all of Plaintiff's arguments and affirmed the court's decisions and the jury's verdict.  *Park v. Secolsky*, 787 Fed.Appx. 900 (7th Cir. Sept. 19, 2019).

While her appeal on Case No. 15-2136 was pending in the Seventh Circuit, Plaintiff filed Case No. 18-CV-2090 against Defendants Stake, the Board of Trustees, Johnson, and Hudson, alleging the same constitutional violations as in 15-2136, based on the same conduct.  Plaintiff added two new Defendants, Kaamilyah Abdullah-Span, and Menah Pratt-Clarke, two University officials who reviewed the ODEA report.  This court dismissed the case based on the doctrine of res judicata.  The Seventh Circuit affirmed on the different, but related ground, of collateral estoppel.  The Seventh Circuit

reasoned that, even though the parties are not entirely identical due to the inclusion of Abdullah-Span and Pratt-Clarke, collateral estoppel barred her claims because all the issues of fact and law in the new case had been litigated and necessarily decided in 15-2136. *Park v. Board of Trustees of University of Illinois*, 754 Fed.Appx. 437 (7th Cir. Nov. 21, 2018).

Plaintiff filed yet another lawsuit against all these same Defendants, with all the same claims, based on the same facts in Case No. 19-2107 on April 25, 2019. The court entered an Order on May 2, 2019, dismissing the case on res judicata and collateral estoppel grounds.

*The New Cases*

Plaintiff filed her new cases (20-2148 and 20-2149) on May 29, 2020. These cases are against the University of Illinois Board of Trustees, Pratt-Clarke, Abdullah-Span, Hudson, and Johnson. Plaintiff re-raises the same causes of action and claims against Defendants as raised in the earlier litigation, and also accuses Defendants and the court of fabricating the law and evidence in the earlier litigation.

Also on May 29, 2020, Plaintiff, in Case No. 20-2150, filed a lawsuit against this court, where she accuses the court of "unconstitutional and ultra vires acts." Plaintiff alleges the court discriminated against her and fabricated evidence in its rulings, in violation of her due process and equal protection rights under the U.S. Constitution, pursuant to the U.S. Supreme Court's line of decisions following *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971), in which the Court has held that district courts have implied authority to award damages against federal officials for certain constitutional violations. See *Dancy v. Watson*, 2020 WL 1139422, at *2 (S.D. Ind. Mar. 9,

2020).  Plaintiff demands the court revoke the rulings in her previous cases, and award her $10 million in compensatory and $10 million in punitive damages.  Plaintiff does state that she is willing to withdraw her claim against the court if the court rules against Defendants in Case Nos. 20-2148 and 20-2149 "based on the facts and law."

The court declines to take Plaintiff up on her offer.

*Recusal*

The court has been made a defendant by Plaintiff in her *Bivens* action in Case No. 20-2150.  Plaintiff has accused the court of omissions, fabrications, and violations of her constitutional rights.  The court hereby recuses itself pursuant to 28 U.S.C. § 455(a).

IT IS THEREFORE ORDERED:

The court hereby recuses itself from all pending cases involving Plaintiff. Therefore, the court directs that the clerk transfer Case Nos. 15-2136, 20-2148, 20-2149, and 20-2150 to Chief Judge Darrow.


ENTERED this 4th day of June, 2020.

s/ COLIN S. BRUCE
U.S. DISTRICT JUDGE