E-FILED
Thursday, 25 March, 2021  04:09:17 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| HYE-YOUNG PARK, a/k/a LISA PARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-02148-SLD-EIL |
| | ) | |
| THE BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ILLINOIS, MENAH | ) | |
| PRATT-CLARKE, HEIDI JOHNSON, | ) | |
| KAAMILYAH ABDULLAH-SPAN, and | ) | |
| MICHAL T. HUDSON, | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff Hye-Young Park, proceeding pro se, alleges that Defendants Board of Trustees

of the University of Illinois ("the Board"), Menah Pratt-Clarke, Heidi Johnson, Kaamilyah

Abdullah-Span, and Michal T. Hudson (collectively "Defendants") violated her civil rights after

she sought relief from the sexual harassment and retaliation imposed by a professor and a

visiting researcher affiliated with the University of Illinois.  Compl. 1–2, ECF No. 1.  Before the

Court is United States Magistrate Judge Eric I. Long's Report and Recommendation ("R&R"),

ECF No. 11, which recommends dismissing the Complaint as frivolous and denying Plaintiff's

Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2 ("IFP

Application"), Motion for ECF Registration, ECF No. 3, motion to assign the case to Judges

Colin S. Bruce and Eric I. Long, ECF No. 4, and motions to supplement her complaint, ECF

Nos. 7, 9.  Also before the Court are Plaintiff's motion[1] for leave to file an amended complaint,

---

[1] On February 10, 2021, after Judge Long's R&R had been entered, Plaintiff filed an 89-page amended complaint with 120 pages of exhibits.  ECF No. 12.  The Court construes this filing as a motion for leave to file an amended complaint and an amended complaint.

ECF No. 12; Plaintiff's objections to the R&R, ECF No. 13; and Plaintiff's motion to strike

motions to supplement, ECF No. 14.  For the reasons that follow, the objections are

OVERRULED, and the R&R is ADOPTED IN PART and REJECTED IN PART.  The motion

for leave to file an amended complaint is DENIED, and the motion to strike is GRANTED.

## BACKGROUND

Plaintiff alleges Charles Secolsky sexually harassed her while she was on her F1 student

visa and engaging in Optional Practical Training ("OPT") through the University of Illinois.

Compl. 1, 25.  Secolsky was a visiting researcher who taught a University of Illinois class and

worked with Plaintiff on grant proposals and academic activities and projects.  *Id*. at 1, 3, 25.

Robert Stake was a professor at the University of Illinois who permitted Secolsky to teach one of

his classes and use the title of professor.  *Id*. at 2, 44.  On June 25, 2014, after Secolsky sexually

harassed her, Plaintiff sought help from Michal Hudson, a senior specialist at the University of

Illinois's Office of Diversity, Equity, and Access ("ODEA").  *Id*. at 2, 27, 28.  In early August

2014, Hudson met with Stake and Secolsky to discuss Plaintiff's allegations.  *Id*. at 34.  On

August 15, 2014, University of Illinois professor Nancy Abelmann told Plaintiff that she could

no longer sponsor Plaintiff's OPT because she was on academic leave.  *Id*. at 39.  On October 1,

2014, Plaintiff met with Heidi Johnson, Director of the ODEA.  *Id*. at 2, 41.  Shortly thereafter,

on October 21, 2014, the ODEA issued an Informal Resolution Disposition Report ("ODEA

Report") that concluded Plaintiff and Secolsky were not affiliated with the University of Illinois

and that the ODEA would take no further action because it had no jurisdiction over Plaintiff's

allegations.  *Id*. at 42–43.  Plaintiff contends that because she was conducting research through

OPT and employed by the University, ODEA's decision to ignore her status and not address her

complaints violated her rights.  *Id*. at 57–68.

Plaintiff asserts the following claims against the Board:  42 U.S.C. § 1983 Fourteenth Amendment denial of substantive due process, *id*. at 59; Title IX, 20 U.S.C. § 1681, *id*. at 59–60, 66–67; Title VII, 42 U.S.C. § 2000e–e-17, *id*. at 61, 67; Title VI, 42 U.S.C. § 2000d–d-7, *id*. at 61, 67; right to contract, 42 U.S.C. § 1981, *id*. at 66; state law defamation, *id*. at 68; and respondeat superior, *id*.  Plaintiff asserts the following claims against the individual Defendants: denial of substantive due process, *id*. 59; Title VII, *id*. at 61, 67; state law retaliation, 775 ILCS 5/6-101, *id*. at 65; 42 U.S.C. § 1981, *id*.; defamation, *id*. at 68; and intentional infliction of emotional distress, *id*.[2]

As Plaintiff readily admits, Compl. 4–6, she has already filed three lawsuits against Defendants about these matters:  *Park v. Hudson*, 2:15-cv-02136-SLD-EIL ("2015 Case"), *Park v. Board of Trustees of the University of Illinois*, 2:18-cv-02090-CSB-EIL ("2018 Case"), and *Park v. Abdullah-Span*, 2:19-cv-02107-CSB-EIL ("2019 Case").  She argues this case is different because she seeks to rectify the court's errors in the 2015 Case.  Compl. 1.  Judge Long finds the case is barred by res judicata and recommends dismissing it as frivolous in light of the earlier cases.  R&R 3–6.  Plaintiff objects to the R&R and argues that res judicata does not apply and reiterates some of the claims made in her 83-page complaint.  Objections 5–11.

## DISCUSSION

**I.     Merit Review**

       **A.     Legal Standard**

---

[2] Plaintiff does not allege many facts to support her claims against Abdullah-Span other than that Abdullah-Span informed Pratt-Clark "that ODEA did not have jurisdiction to respond to [Plaintiff's] allegations."  Compl. 18 (quotation marks omitted).  Plaintiff's allegations against Pratt-Clarke are similarly sparse.  She states, "During the discovery in Case No. 15-2136, it was uncovered that Abdullah-Span and Pratt-Clarke had also been deeply involved in [Plaintiff]'s complaints and claimed that [Plaintiff] had no status at the University."  Compl. 3.  Based on these statements, the Court infers Plaintiff is alleging these Defendants were involved with the ODEA review or its Report.

Because Plaintiff has filed an IFP Application, the Court reviews the complaint for merit

under 28 U.S.C. § 1915(e)(2).  In reviewing a pro se complaint for merit, a court takes all factual

allegations as true, liberally construing them in the plaintiff's favor.  *Turley v. Rednour*, 729 F.3d

645, 649, 651–52 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.

*See id*. at 651–52.  The factual allegations must "state a claim to relief that is plausible on its

face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and a court may dismiss any claim

that "is frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), or "seeks monetary relief [from] a

defendant who is immune from such relief," *id.* § 1915(e)(2)(B)(iii).

When a magistrate judge considers a pretrial matter dispositive of a party's claim or

defense, he must enter a recommended disposition.  Fed. R. Civ. P. 72(b)(1).  Parties may object

within fourteen days of being served with a copy of the recommended disposition.  *Id*. 72(b)(2).

The district judge considers de novo the portions of the recommended disposition that were

properly objected to and may accept, reject, or modify the recommended disposition or return it

to the magistrate judge for further proceedings.  *Id*. 72(b)(3).  Plaintiff's objections are timely.

**B.      Analysis**

"[R]es judicata protects the finality of [a final] judgment and prevents parties from

undermining it by attempting to relitigate the claim.  Res judicata promotes predictability in the

judicial process, preserves the limited resources of the judiciary, and protects litigants from the

expense and disruption of being haled into court repeatedly."  *Palka v. City of Chicago*, 662 F.3d

428, 437 (7th Cir. 2011).  Thus, res judicata bars a subsequent lawsuit if there is "(1) an identity

of the parties in the two suits; (2) a final judgment on the merits in the first; and (3) an identity of

the causes of action."  *Barr v. Bd. of Trs. of W. Ill. Univ*., 796 F.3d 837, 840 (7th Cir. 2015).

"[T]wo claims are one for purposes of res judicata if they are based on the same, or nearly the

4

same, factual allegations." *Id.* (quotation marks omitted). "Where it applies, res judicata

prevents the relitigation of claims already litigated as well as those that could have been litigated

but were not." *Palka*, 662 F.3d at 437. "Although res judicata is an affirmative defense,

dismissal at screening is proper when it is clear from the face of the complaint that res judicata

bars the claims." *Atherton v. St. Vincent Hosp.*, 774 F. App'x 304, 305 (7th Cir. 2019)

(quotation marks omitted). Relatedly, collateral estoppel or issue preclusion "prevent[s]

relitigation of issues resolved in an earlier suit." *Adams v. City of Indianapolis*, 742 F.3d 720,

736 (7th Cir. 2014). Collateral estoppel applies when:

> (1) the issue sought to be precluded is the same as an issue in the prior litigation;
> (2) the issue must have been actually litigated in the prior litigation; (3) the
> determination of the issue must have been essential to the final judgment; and (4)
> the party against whom estoppel is invoked must have been fully represented in
> the prior action.

*Id*.

### i. 2015 Case

In 2015, Plaintiff brought suit against three[3] of the Defendants named here: the Board,

Hudson, and Johnson. 2015 Case Compl., ECF No. 1. Plaintiff asserted that the Board

discriminated against her based on her sex, *see* Title IX, 20 U.S.C. § 1681, when university

officials learned about Stake and Secolsky and then did nothing. *Id*. at 30–33. Plaintiff also

argued the Board permitted those officials to retaliate against Plaintiff, based on her sex and race,

by encouraging Professor Abelmann to stop sponsoring Plaintiff for immigration purposes, 20

U.S.C. § 1681; 42 U.S.C. § 1981; and denied Plaintiff substantive due process by promoting

policies under which officials could refuse to take action after someone complained about

harassment, *see* 42 U.S.C. § 1983. *Id*. at 36–44. Plaintiff asserted similar § 1981 and state law

---

[3] Plaintiff also sued Secolsky and Stake, but does not name them as defendants here.

retaliation claims against Hudson and Johnson for their role in encouraging the professor to stop

sponsoring Plaintiff and § 1983 due process and equal protection claims for their role in writing

the ODEA Report in which they said they had no power to stop the harassment and for their

decision to take no action.  *Id*. at 33–36; 39–42.

The district court granted the defendants' motion to dismiss Plaintiff's § 1983 and § 1981

claims against the Board and her § 1981 retaliation claim against Hudson and Johnson on the

basis of Eleventh Amendment immunity.  2015 Case Jan. 20, 2016 Order 13–14; 16–17, ECF

No. 33 (accepting Plaintiff's voluntary dismissal of her state law retaliation claim).  The district

court later entered summary judgment in Defendants' favor on the Title IX claims against the

Board and the substantive due process claim against Hudson and Johnson because Plaintiff did

not identify any instances of harassment after she met with the ODEA and therefore had not

presented evidence that any defendants had denied her due process or discriminated against her.

2015 Case Jan. 30, 2018 Order 45–52, ECF No. 162.  Lastly, the district court concluded that

Plaintiff's Title IX retaliation claim against the Board failed because she failed to present

sufficient evidence of a causal link between her notice to the ODEA and the professor's decision

to stop sponsoring her OPT.  *Id*. at 52–55.

### ii.    2018 Case

In 2018, Plaintiff filed another case against the Board and this time added Abdullah-

Span, ODEA Senior Associate Director, and Pratt-Clarke, the University of Illinois's Associate

Chancellor and Associate Provost for Diversity.  2018 Case Compl. 8, ECF No. 1; 2018 Case

Suppl. Compl. 2–7, ECF No. 5.  She again brought Title IX, substantive due process, and 42

U.S.C. § 1981 claims against the Board and added a Title VI claim.  2018 Case Suppl. Compl. 2–

5.  She alleged substantive due process, state law retaliation, 42 U.S.C. § 1981, and Title VII

6

claims against Abdullah-Span and Pratt-Clarke. *Id*. Her claims were based on the same set of

facts as the 2015 Case—Secolsky's harassment and the University and its officials' alleged

failure to recognize her University status or remedy the harassment. The district court concluded

the case was barred by res judicata. 2018 Case May 7, 2018 Order 3–5, ECF No. 8. On appeal,

the Seventh Circuit affirmed as to the Board but applied collateral estoppel to Abdullah-Span and

Pratt-Clarke because they were not parties in the 2015 Case. *Park v. Bd. of Trs. of Univ. of Ill.*,

754 F. App'x 437, 439 (7th Cir. 2018).

> [T]here are precise issues of fact and law that were actually litigated and
> necessarily decided in the underlying case. [Plaintiff's] Title VI and Title VII
> claims against the Board are based on the "same, or nearly the same, factual
> allegations" as undergirded her due-process claim in the first suit. *Barr*, 796 F.3d
> at 840 (internal quotation marks omitted). Specifically, the Title VI, Title VII,
> and due process claims are all based on her allegation that the Board was
> responsible for the university officials' failure to stop the harassment. The district
> court concluded in the first suit that the Board was not responsible for the
> harassment she suffered because [Plaintiff] could not point to any instance of
> harassment after she complained to the ODEA. Similarly, regarding her
> allegations here of discrimination based on sex and national origin, the district
> court determined in the first suit that [Plaintiff] could not identify a single
> instance of harassment after she complained to the ODEA, so no university
> defendant could be liable for failing to correct a situation that did not require
> remedying. Finally, regarding [Plaintiff's] allegations here of retaliation based on
> race, sex, and national origin, the district court determined in the first suit that
> there was no causal link between her complaint to the ODEA and her professor
> ending her immigration sponsorship.

*Id*.

### iii.     20-2148

In this case, Plaintiff asserts virtually the same claims against Defendants as she

alleged in the 2015 and 2018 cases and admits that while "[e]ach claim has its distinct facts . . .

all claims share the same factual background information." Objections 2 n.1. Plaintiff objects to

the R&R recommending dismissal due to res judicata because (1) the Seventh Circuit rejected

the district court's application of res judicata in the 2018 Case, *see Park*, 754 F. App'x at 439;

(2) Plaintiff added a retaliation claim so the causes of action are not identical; (3) the 2015 Case remains pending because Judge Bruce recently recused himself; and (4) the R&R does not address the district and appellate courts' many alleged fabrications. *Id*. at 6–11.

The Court finds res judicata bars Plaintiff's claims against the Board, Hudson, and Johnson. The 2015 Case and this case share four parties: Plaintiff, the Board, Hudson, and Johnson. The court entered final judgment on the merits when it dismissed Plaintiff's claims against the Board, Hudson, and Johnson with prejudice, 2015 Case Jan. 20, 2016 Order 18, and denied them by entry of summary judgment, 2015 Case Jan. 30, 2018 Order 56. *See* 2015 Case Judgment, ECF No. 244. While the claims are not identical, Plaintiff could have brought the new 2020 claims in 2015 because they are based on Secolsky's sexual harassment and the University's response. *See Barr*, 796 F.3d at 840 ("[T]wo claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." (quotation marks omitted)); *Palka*, 662 F.3d at 437 (holding that "res judicata prevents the relitigation of claims . . . that could have been litigated but were not").

Similarly, Plaintiff's claims against Pratt-Clarke and Abdullah-Span are barred by collateral estoppel, even though the two were not parties to the 2015 Case, because the issues presented here were actually ligated in the 2015 Case and were essential to the final judgment. *See Park*, 754 F. App'x at 439 (holding that the Board could not be responsible for the university officials' failure to stop the harassment because no harassment occurred after Plaintiff complained to the ODEA and there was no evidence of a causal link between Plaintiff's complaint to the ODEA and the professor's decision to stop sponsoring Plaintiff). Lastly, Plaintiff was fully represented in the 2015 Case. *See Adams*, 742 F.3d at 736.

Plaintiff's complaint is clearly barred by res judicata and collateral estoppel and is therefore frivolous. *See Gleash v. Yuswak*, 308 F.3d 758, 762 (7th Cir. 2002) (concluding that claim barred by affirmative defense of res judicata is frivolous).

## II.      Assorted Motions

Judge Long recommends denying Plaintiff's IFP Application, presumably because he finds her case frivolous. The Court REJECTS that recommendation and grants the IFP Application because it sufficiently demonstrates that Plaintiff is unable to pay the costs of these proceedings. The Court ADOPTS Judge Long's recommendation to deny Plaintiff's Motion for ECF Registration and motion to assign the case to Judges Colin S. Bruce and Eric I. Long. Plaintiff filed motions to supplement her complaint, which Judge Long recommended denying, because they involved the same operative facts and the same named parties. After the R&R was filed, Plaintiff filed a motion to strike the motions to supplement, ECF No. 14, in light of her motion for leave to file an amended complaint, ECF No. 12, because the amended complaint better represented her claims. The Court REJECTS Judge Long's recommendation to deny the motions to supplement, ECF Nos. 7, 9, and GRANTS Plaintiff's motion to strike, ECF No. 14. Plaintiff's motion for leave to file an amended complaint and amended complaint, ECF No. 12, are centered on the "same operative facts" as the complaint; even if the Court granted the motion, it would dismiss the amended complaint as barred by res judicata. *See Palka*, 662 F.3d at 437. Although a court must "construe *pro se* complaints liberally and . . . allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim," *Kiebala v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019) (quotation marks omitted), a court does not have to permit amendment when doing so would be

futile, *see Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015).  Plaintiff's motion for

leave to file an amended complaint, ECF No. 12, is DENIED.

**CONCLUSION**

Accordingly, Judge Long's Report and Recommendation, ECF No. 11, is ADOPTED IN

PART and REJECTED IN PART.  The Court dismisses Plaintiff's complaint as frivolous;

Plaintiff's objections, ECF No. 13, are OVERRULED.  The Court GRANTS the IFP

Application, ECF No. 2, DENIES Plaintiff's motion for ECF registration, ECF No. 3, and

motion to assign the case to Judges Colin S. Bruce and Eric I. Long, ECF No. 4; GRANTS

Plaintiff's motion to strike, ECF No. 14; STRIKES Plaintiff's motions to supplement, ECF Nos.

7, 9; and DENIES Plaintiff's motion for leave to file an amended complaint, ECF No. 12.  The

Clerk is directed to enter judgment and close the case.

Entered this 25th day of March 2021.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE