UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| HYE-YOUNG PARK a/k/a LISA PARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:20-cv-02148-SLD-EIL |
| | ) |
| THE BOARD OF TRUSTEES OF THE | ) |
| UNIVERSITY OF ILLINOIS, MENAH | ) |
| PRATT-CLARKE, HEIDI JOHNSON, | ) |
| KAAMILYAH ABDULLAH-SPAN, and | ) |
| MICHAL T. HUDSON, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are Plaintiff Hye-Young Park a/k/a Lisa Park's Motion to Alter or Amend the Judgment, ECF No. 17, motion to proceed on appeal in forma pauperis, ECF No. 19, and motion to become an electronic filer in the Seventh Circuit's electronic filing system, ECF No. 21. For the reasons that follow, the Motion to Alter or Amend the Judgment is DENIED, the motion to become an electronic filer is MOOT, and the Court reserves ruling on the motion to proceed on appeal in forma pauperis.

## BACKGROUND

The allegations of Plaintiff's complaint and the procedural background of this case are discussed in the Court's order dismissing Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B). *See* Order 2–3, ECF No. 15. The Court found that res judicata and collateral estoppel barred Plaintiff's claims because she had already filed lawsuits based on the same facts—harassment she suffered at the hands of Charles Secolsky, a researcher affiliated with the University of Illinois (the "University"), and Robert Stake, a University professor, and the University's response to her complaints of harassment—so it dismissed her complaint as frivolous. *See id.* at

1

7–9. Plaintiff moves to alter or amend this order, arguing the Court committed manifest errors of fact and law and that altering the order is necessary to prevent manifest injustice. Mot. Alter Amend J. 2–22. She also argues the Court should have granted her leave to amend her complaint and allowed her to become an e-filer. *Id.* at 22–23.

## DISCUSSION

### I.  Motion to Alter or Amend Judgment

#### a. Legal Standard

Federal Rule of Civil Procedure 59(e) "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (quotation marks omitted). A court should alter or amend its judgment under Rule 59(e) only if "the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Burritt v. Ditlefsen*, 807 F.3d 239, 252–53 (7th Cir. 2015) (quotation marks omitted). "A manifest error occurs when the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.* at 253 (quotation marks omitted). Relief may be warranted when there is "an intervening change in controlling law" or "if necessary to prevent manifest injustice." 11 Charles Alan Wright et al., *Federal Practice & Procedure* § 2810.1 (3d ed. 2021 Update). A court may also reconsider its prior decision if it "misunderstands a party's arguments" or "overreaches by deciding an issue not properly before it." *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). But it is not appropriate, on a motion for reconsideration, "to advance arguments or theories that could and should have been made before the district court rendered a judgment." *Miller*, 683 F.3d at 813 (quotation marks omitted).

b. Analysis

Plaintiff first argues that the Court made various manifest errors of fact in its order dismissing her suit. Mot. Alter Amend J. 2–17. But in large part, she merely quibbles with statements in the Court's order in ways that would not change the outcome of the case. For example, she disputes that she did "not allege many facts to support her claims against [Defendant Kaamilyah] Abdullah-Span" or Defendant Menah Pratt-Clarke. *Id.* at 2 (emphasis omitted) (quoting Order 3 n.2). Plaintiff argues that she alleged more than enough facts "to reasonably infer that" Abdullah-Span and Pratt-Clarke "closely communicated with" the University officials handling Plaintiff's harassment complaints. *Id.* at 2–5. But the Court ultimately concluded that Plaintiff was alleging that they "were involved with the [Office of Diversity, Equity, and Access] review or its Report," Order 3 n.2, which is what Plaintiff argues the Court should have concluded. She also claims that the Court inaccurately reported what occurred in one of the prior lawsuits, Mot. Alter Amend J. 5, and disagrees with how the Court characterized her objection to the Report and Recommendation, ECF No. 11, Mot. Alter Amend J. 6–7. Neither argument—nor any of the other arguments Plaintiff makes in this section—convinces the Court it made a manifest error of fact.

With respect to errors of law, Plaintiff has not shown that the Court committed wholesale disregard of controlling precedent, misapplied controlling precedent, or failed to recognize such precedent; reconsideration is thus unwarranted. *See Burritt*, 807 F.3d at 253. The Court identified the correct requirements for application of res judicata, *see* Order 4–5, and collateral estoppel, *id.* at 5. It found that res judicata barred Plaintiff's claims against Defendants Board of Trustees of the University, Michal Hudson, and Heidi Johnson because there was a final judgment on the merits against Plaintiff with respect to her claims against those parties in 2015

3

and the claims—while not precisely the same—arose out of the same facts. *Id.* at 8. It found that Plaintiff's claims against Pratt-Clarke and Abdullah-Span were barred by collateral estoppel because the issues presented by this case were litigated in 2015 and essential to the final judgment and Plaintiff was fully represented in the 2015 suit. *Id.*

Plaintiff primarily argues that the judgment disposing of her claims against the Board, Hudson, and Johnson in the first suit was not on the merits because it "was founded on non-factual statements," Mot. Alter Amend J. 7, 17, but res judicata applies "even if the decision in the first [suit] was transparently erroneous," *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394 (1981)); *id.* ("In civil litigation, the final resolution of one suit is conclusive in a successor, whether or not that decision was correct."). The same is true of collateral estoppel. *See B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 157 (2015) ("[I]ssue preclusion prevent[s] relitigation of wrong decisions just as much as right ones." (second alteration in original) (quotation marks omitted)).

She also argues that she could not have brought her suit earlier because the evidence was revealed during discovery.[1] *See* Mot. Alter Amend J. 13. But the relevant question for res judicata—which is what the Court was discussing when it said she could have brought her claims earlier, Order 8—is whether there is an identity of causes of action, and "[t]wo causes of action are identical if each claim is supported by the same factual allegations." *United States ex rel. Conner v. Mahajan*, 877 F.3d 264, 271 (7th Cir. 2017). The Court concluded that the claims were based on the same factual allegations. Order 8. With respect to the collateral estoppel analysis, Plaintiff's argument that she was not fully represented because she was not able to correct the allegedly non-factual statements in the first suit, *see* Mot. Alter Amend J. 13–17, is

---

[1] Though Plaintiff makes this argument and her argument that she was not represented in the prior suit in terms of factual findings, *see* Mot. Alter Amend J. 13–17, the Court believes they actually relate to legal conclusions.

beside the point; the representation question speaks to whether a non-party's interests were represented in the first suit, see Mahajan, 877 F.3d at 270. Plaintiff was a party to all earlier suits. See In re Spielman, 588 B.R. 198, 205 (N.D. Ill. 2018) ("Spielman misunderstands what it means to be 'fully represented' in the prior action. This element of collateral estoppel comes into play when a party seeks to enforce a prior judgment against a person who was not a party to the prior litigation." (citing Taylor v. Sturgell, 553 U.S. 880, 892 (2008))). Plaintiff's additional argument that the Court should grant her motion to prevent manifest injustice, Mot. Alter Amend J. 18–22, amounts to an argument that the Court should create an exception to the doctrine based on her circumstances; the Court cannot change the law to benefit Plaintiff.

Plaintiff further argues that the Court should have granted her motion to amend her complaint because her amended complaint "is not centered on the 'same operative facts' as [the] Complaint." Id. at 22. For example, she argues, she "added claims against the Board [of Trustees] through Secolsky's liabilities." Id. (citing Mot. Leave Amend Compl. 61–63, ECF No. 12). The claims she added on the cited pages are all claims against the Board of Trustees alleging either that it failed to prevent Secolsky's misconduct and harassment or alleging that it is liable for Secolsky's misconduct directly. See Mot. Leave Amend Compl. 61–63. Those claims are based on the same core facts as the earlier litigation: Secolsky's misconduct and the Board of Trustees' response. Those claims would also be barred by res judicata, so permitting amendment would be futile.

Plaintiff also suggests the Court should have allowed her to become an electronic filer. See Mot. Alter Amend J. 23. But this case is now closed, so there is no reason to allow her to become an electronic filer.

## II.     Miscellaneous Motions

Plaintiff moves to proceed on appeal in forma pauperis. *See generally* Mot. Leave Appeal In Forma Pauperis. Pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A), "[a] party who was permitted to proceed in forma pauperis in [a] district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless the district court . . . certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding." *See also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

Here, the Court granted Plaintiff in forma pauperis status. Order 9. Therefore, she does not need further authorization from this Court to proceed on appeal in forma pauperis. However, the Court doubts that her appeal is taken in good faith. Plaintiff's claims are based on the same core facts as were the basis of her earlier suits and are clearly barred under res judicata and collateral estoppel, so her claims are frivolous. A court that "doubts that [an appeal] is in good faith should, before yanking the appellant's [in forma pauperis] status, notify the appellant of the impending change of status and give h[er] an opportunity to submit a statement of h[er] grounds for appealing." *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999). Plaintiff may file a statement of her grounds for appeal within fourteen days. She is hereby notified that if she fails to submit such a statement, the Court will deny her motion and certify that her appeal is not taken in good faith.

Plaintiff has also filed a motion to become an electronic filer in the Seventh Circuit. *See* Mot. Becoming Electronic Filer 1. As this motion is not addressed to this court, it is MOOT.

## CONCLUSION

Accordingly, Plaintiff Hye-Young Park a/k/a Lisa Park's Motion to Alter or Amend the Judgment, ECF No. 17, is DENIED. Her motion to become an electronic filer in the Seventh Circuit's electronic filing system, ECF No. 21, is MOOT. The Court reserves ruling on the motion to proceed on appeal in forma pauperis, ECF No. 19. Plaintiff may file a statement of her grounds for appeal within fourteen days.

Entered this 8th day of June, 2021.

                                               s/ Sara Darrow
                                               SARA DARROW
                                    CHIEF UNITED STATES DISTRICT JUDGE